FILED - LN
October 15, 2009 3:04 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT W. STOCKER II, a United States citizen; and
LAUREL A. STOCKER, a United States citizen,

      Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

      Defendant.
_____/

**1:09-cv-955**

**Robert Holmes Bell**
**U.S. District Judge**

Case No.

Hon.

DICKINSON WRIGHT PLLC
James F. Mauro (P39960)
Brandon C. Hubbard (P71085)
Attorneys for Plaintiffs
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 371-1730
_____/

## COMPLAINT TO RECOVER OVERPAYMENT OF FEDERAL INCOME TAXES FOR THE YEAR 2003 AND JURY DEMAND

Plaintiffs Robert W. Stocker II and Laurel A. Stocker, by their attorneys Dickinson Wright PLLC, and for their Complaint against Defendant United States of America, state as follows:

## NATURE OF THE ACTION

1. Plaintiffs Robert W. Stocker II and Laurel A. Stocker (collectively, "Plaintiffs") bring this Complaint to recover an overpayment of Internal Revenue taxes erroneously or illegally assessed, collected, and retained from Plaintiffs.

## JURISDICTION AND VENUE

2. On or about November 27, 2007, the Internal Revenue Service issued a notice of disallowance with regard to the principal tax amount at issue in this case. *See* attached Exhibit 1.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(a)(1), 28 U.S.C. § 1340, and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1).

## PARTIES

5. Plaintiff Robert W. Stocker II is a United States citizen residing at 884 Tanglewood Lane, East Lansing, Ingham County, Michigan 48823.

6. Plaintiff Laurel A. Stocker is a United States citizen residing at 884 Tanglewood Lane, East Lansing, Ingham County, Michigan 48823.

7. Defendant is the United States of America ("Defendant").

## COUNT I

8. This is a suit arising under, *inter alia*, Section 7422 of the Internal Revenue Code, being 26 U.S.C. § 7422, and the laws of the United States for the refund and/or credit of income taxes unlawfully collected from Plaintiffs.

9. Plaintiffs were married prior to the 2003 taxable year at issue and have remained married through the date of this complaint, and filed the tax return(s) at issue as "Married Filing Joint."

10. On or before Thursday, April 15, 2004, Plaintiffs timely filed -- by mailing with the United States Postal Service ("USPS") -- an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868) and secured a six-month extension to file their joint federal income tax return for calendar year 2003 ("2003 Return").

11. On or before Friday, October 15, 2004, Plaintiffs timely filed (again, by mailing with the USPS), their U.S. Individual Income Tax Return (Form 1040) for 2003. The last four digits of Plaintiffs' taxpayer identification numbers, as reflected on the 2003 Return, are 4917 (Robert W. Stocker II) and 9106 (Laurel A. Stocker).

12. Plaintiffs fully paid the assessment on their original Form 1040 for tax year 2003 on or before October 15, 2007. The assessment and collection of the same were erroneous resulting in an overpayment.

13. On Monday, October 15, 2007, Plaintiffs filed their Amended 2003 U.S. Individual Income Tax Return ("Amended 2003 Return") (IRS Form 1040X). The Amended 2003 Return claimed and established that Plaintiffs are entitled to a refund and/or credit in the amount of approximately $64,058 from Defendant. Specifically, the 2003 Return resulted in an overpayment in the amount of approximately $64,058 based primarily on a net loss carryback.

14. Notwithstanding Plaintiffs' timely filing of their Amended 2003 Return, Defendant denied Plaintiffs' claim for a refund and/or credit for the erroneous reason that the same was untimely filed. Specifically, by a Notice of Disallowance letter dated November 27, 2007 (the "Letter"), Defendant sent to Plaintiffs a communication stating: "You filed your claim more than 3 years after you filed your tax return." *See* Exhibit 1, at p. 1.

15. The Letter further alleged:

> The postmark date on your tax return's envelope is Oct. 19, 2007. The expiration date for filing a claim for tax year 2003 was Oct. 15, 2007. We couldn't allow your claim because it was not postmarked on or before the deadline.

*Id.* at p. 1.

16. On or before July 2, 2008, Plaintiffs appealed Defendant's denial of Plaintiffs' claim for a credit and/or refund and requested a redetermination. By letter dated September 26, 2008, Defendant rejected Plaintiffs' request for redetermination. *See* attached Exhibit 2.

17. Defendant's receipt of the aforesaid overpayment, retention of the same, and denial of Plaintiffs' claim for refund and/or credit is erroneous and unlawful.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor in the amount of Plaintiffs' overpayment in taxes due, being $64,058, or such greater amount as may be legally refundable, plus statutory interest (accruing on the claim as allowed by law) and costs pursuant to 28 U.S.C. § 2412.

4

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: _____
James F. Mauro (P39960)
Brandon C. Hubbard (P71085)
Attorneys for Plaintiffs
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 371-1730

Dated: October 15, 2009.

LANSING 39717-1 431507

5