UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. STOCKER II, et al.,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

File No. 1:09-cv-955

HON. ROBERT HOLMES BELL

**OPINION**

This matter is before the Court on Plaintiffs' motion for summary judgment, (Dkt. No. 19), and on Defendant's cross motion to dismiss for lack of jurisdiction (Dkt. No. 29). For the reasons stated below, Defendant's motion to dismiss will be granted, and Plaintiffs' motion for summary judgment will be denied as moot.

I.

Plaintiffs Robert W. Stocker II and Laurel A. Stocker brought this action to recover an alleged overpayment of Internal Revenue taxes. Plaintiffs maintain that they are entitled to a refund or credit in the amount of $64,058 based on a net-loss-carryback deduction arising out of a March, 2007, settlement between the government and Windward Communications II, an entity in which the Plaintiffs had invested and lost money. (Dkt. No. 19 at 3.)

Whether or not Plaintiffs did, in fact, overpay $64,058 in taxes has not been the issue

of contention between the parties.[1] The dispute focuses instead on whether Plaintiffs timely filed their amended 2003 return as required by law. Michael Flintoff (CPA) and Karrin Fennell testified at deposition that they timely prepared and provided Mr. Stocker with Plaintiffs' 2006 state and federal tax returns, as well as their amended 2003 state and federal returns (claiming entitlement to refunds of $7,768 and $64,058, respectively) on October 15, 2007, along with written and verbal reminders that the returns were all presently due. (Dkt. No. 19 at 4-5, 17-18.) Mr. Stocker testifies that, after receiving the returns, he immediately proceeded to a post office and mailed all four claims with full knowledge that the then present day of October 15, 2007, was the deadline for filing the claims. (Dkt. No. 19 at 4.) In addition to this testimony, Plaintiffs note their recurring habit of filing tax returns on October 15, and point out that the three returns prepared by Mr. Flintoff which are not the subject of this suit were all received by the appropriate agencies and accepted as timely postmarked on October 15, 2007. (Dkt. No. 19 at 17-18.) Plaintiffs argue that, taken together, this evidence establishes that Plaintiffs' amended 2003 federal return was also mailed on October 15, 2007.[2]

---

[1] Although Defendant does not concede that Plaintiffs overpaid taxes in 2003, Defendant has declined to investigate the matter in light of its position that Plaintiffs are time barred from seeking a refund.

[2] Additionally, Mr. Stocker maintains that he sent the amended returns by certified mail, but that the postal representative was unable to date stamp a certified-mail receipt because Flintoff & Klein, Plaintiff's tax preparers, had placed the returns in postage-prepaid envelopes and retained the customer receipts. (Dkt. No. 19 at 5.) At any rate, the incomplete certified mail receipt attached to Plaintiffs' motion for summary judgment (Dkt. No. 22, Ex. Q) bears no postmark.

Defendant contends that the Internal Revenue Service ("IRS") did not receive Plaintiff's 2003 amended return until October 25, 2007, and that the postmark date on the envelope containing Plaintiffs' amended 2003 return was October 19, 2007. (Dkt. No. 28 at 3-4.) However, Defendant admits that the IRS did not retain the actual envelope that contained Plaintiffs' amended return. (*Id.* at 4.) As the envelope bearing an official postmark has been lost or destroyed, Defendants rely instead on the date stamp marked on the amended return itself. The stamp reads "ENVELOPED POST MARKED OCT. 19 2007." (*Id.*)

On November 27, 2007, the IRS disallowed Plaintiffs' refund claim on the basis that it was not postmarked on or before the October 15, 2007, deadline. (Dkt. No. 19 at 8.) On June 23, 2008, Michael Flintoff requested in writing that the IRS reconsider its rejection of the Plaintiffs' refund claim. (*Id.* at 9.) The IRS rejected the request on September 26, 2008. Plaintiffs commenced this action seeking judgment in the amount of their alleged overpayment on October 15, 2009. Plaintiffs now move for summary judgment on the grounds that the evidence presented unequivocally establishes that Plaintiffs timely filed their amended 2003 return on October 15, 2007, and that Defendant has not contested the merits of their claimed overpayment in the amount of $64,058. Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (2) on grounds that Plaintiffs' amended return was not timely filed, consequently depriving this Court of jurisdiction to hear Plaintiffs' case.

## II.

As Defendant's cross motion to dismiss under Rule 12(b)(1) and (2) raises the question of this Court's jurisdiction, the Defendant's motion must take precedence in the Court's analysis. The preliminary and, in this case, dispositive question before the Court is whether Plaintiffs can establish that they timely mailed their amended 2003 return on or before October 15, 2007.

A plaintiff may bring suit against the United States to recover any "tax alleged to have been erroneously or illegally assessed or collected . . . ." 28 U.S.C. § 1346(a)(1). However, a plaintiff must also satisfy the claim for refund requirements of 26 U.S.C. § 7422 and the timeliness requirements of 26 U.S.C. § 6511. *See United States v. Dalm*, 494 U.S. 596, 601-2 (1990).

Section 7422(a) states that "no suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard." To be "duly filed," a claim for refund must be timely under § 6511, which requires taxpayers to file a claim for refund within three years from the date that they filed their return. 26 U.S.C. §6511; *Comissioner v. Lundy*, 516 U.S. 235, 239 (1996). The government is free to place these statutory restrictions as it is well settled that the United States of America, as sovereign, may not be sued without its consent, and that the terms of its consent define the Court's jurisdiction. *United States v. Testan*, 424 U.S. 392,

399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940).

For Plaintiffs, who filed their 2003 return on October 15, 2004, the three-year cutoff date for filing an amended return was October 15, 2007. Plaintiffs do not dispute that they have the burden of establishing jurisdiction, and that in order to meet that burden, they must demonstrate that they duly filed their amended 2003 return on or before October 15, 2007. (Dkt. No. 30 at 7.) To this end, Plaintiffs offer affidavits and circumstantial evidence supporting their emphatic contention that Plaintiff Robert Stocker II did in fact mail the amended 2003 return on October 15, 2007. (Dkt. No. 19 at 2-6, 17-19.)

Defendant argues that the evidence offered by Plaintiffs is belied by the date stamp marked on the return after receipt of the return by the Internal Revenue Service on Oct. 25. More importantly, Defendant argues that all of the evidence presented by Plaintiffs to establish a timely Oct. 15, 2007, postmark date is inadmissible under binding Sixth Circuit precedent, rendering Plaintiffs unable to meet their burden in establishing jurisdiction.

**III.**

In general, a federal tax return is deemed filed on the date that it is actually received by the IRS. *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986). This is known as the "physical delivery rule." *Id.* (citing *Phinney v. Bank of the Sw. Nat'l Ass'n, Houston*, 335 F.2d 266, 268 (5th Cir. 1964)). In 1954, Congress added § 7502 to the Internal Revenue Code (Title 26) to remedy inequities resulting from delay in mail deliveries in various parts

5

of the country. *Id.* That section created two exceptions to the physical delivery rule. 26 U.S.C. § 7502;[3] *Surowka v. United States,* 909 F.2d 148, 150 (6th Cir. 1990); *Miller,* 784 F.2d at 731. "First, if any return is required to be filed by a certain date, and is received after

---

[3] 26 U.S.C. § 7502 provides, in relevant part:
    (a) General rule.--
        (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.
        (2) Mailing requirements.--This subsection shall apply only if--(A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.
    (c) Registered and certified mailing; electronic filing.--
        (1) Registered mail.--For purposes of this section, if any return, claim, statement, or other document, or payment, is sent by United States registered mail-- (A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed; and (B) the date of registration shall be deemed the postmark date. (2) Certified mail; electronic filing.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail and electronic filing.

that date, the date of the United States postmark shall be deemed the date of delivery. Second, if a document is sent by registered or certified mail, such registration or certification shall be *prima facie* evidence that the document was delivered on the date of the postmark." *Schentur v. United States,* 4 F.3d 994, 1993 WL 330640, at *4 (6th Cir. 1993) (Table opinion).

The § 7502 exceptions are not available to Plainitiffs. The first exception is of no help, as the envelope bearing the relevant postmark was lost or destroyed by the IRS. Nor does the second exception apply, as Plaintiffs did not send their return by registered mail or obtain a postmark on a certified mail receipt. Nevertheless, Plaintiffs argue that the affidavits and circumstantial evidence which they present establish that their amended 2003 return was mailed on October 15, 2007, and that this is sufficient to satisfy the filing requirements of 26 U.S.C. §§ 7422 and 6511.

Relying on the Sixth Circuit's decision in *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986), Defendant argues that Plaintiffs are prohibited from relying on evidence extrinsic to § 7502 to establish that their amended return was timely filed. Defendant maintains that, in this circuit, the specific exceptions to the physical delivery rule laid out in § 7502 are the *only* acceptable alternatives for establishing a timely filing, and that the evidence presented by Plaintiffs is therefore immaterial. In *Miller*, the plaintiff-taxpayer sought a $53,663 refund. 784 F.2d at 729. The taxpayer alleged that he timely mailed his claim for a refund, but the IRS had no record that the claim was received. *Id.* Despite the

7

fact that the taxpayer offered proof extrinsic to § 7502 that he timely mailed his return, the District Court dismissed the case on jurisdictional grounds. The Sixth Circuit affirmed. "Because the Court concludes that the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502, we hold that the District Court was correct in granting defendant's motion to dismiss for lack of subject matter jurisdiction." *Id.* at 731.

Plaintiffs try to distinguish *Miller* on grounds that, unlike here, the IRS never received Miller's amended tax return. The *Miller* Court reasoned that the plaintiff failed to satisfy the first exception created by § 7502 because the IRS did not actually receive the amended return, as 7502(a)(1) requires. *Id.* at 730. Because the IRS never received the return, and the taxpayer did not use registered or certified mail, the § 7502 sections did not apply. The same scenario and reasoning were repeated in *Surowka v. United States*, 909 F.2d 148 (6th Cir. 1990), where once again a taxpayer claimed that he timely filed his tax return by regular mail, but the IRS had no record of receiving the return. Plaintiffs believe that the IRS's receipt of Plaintiffs' return in this case is a highly significant distinction, and that *Miller* and *Surowka* should not be applied to the present case. For support, Plaintiffs refer to a bankruptcy court decision in the Eastern District of Tennessee, which stated that "[t]he Sixth Circuit has only refused to allow a taxpayer to present extrinsic evidence other than a registered or certified mail receipt when the IRS has sufficiently proven that the documents in question were not received." *In re Conner*, 187 B.R. 217, 219-20 (Bankr. E.D. Tenn. 1995); *But see Schentur v. United States*, No. 92-3605, 1992 WL 95798 (6th Cir. Aug. 30, 1993).

Plaintiffs' reading of *Miller* is selective. *Miller* and *Surowka* did indeed hold that the first exception to the physical delivery rule created by § 7502 can only be satisfied when the document in question is actually delivered. That particular holding has no relevance here. However, the broader holding of the two cases is that the two § 7502 exceptions are the *sole* exceptions to the physical delivery rule, and that evidence extrinsic to § 7502 may not be offered as proof of a timely mailing in an effort to bypass the physical delivery rule. *Miller*, 784 F.2d at 731 ("[T]he only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502); *Surowka*, 909 F.2d at 149-50 ("The exception embodied in section 7502 and the cases construing it demonstrate a penchant for an easily applied, objective standard. Where, as here, the exception of section 7502 is *not literally applicable*, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing.") (citations omitted) (emphasis added). The fact that Plaintiffs in this case fail the first § 7502 exception for a different reason than the plaintiffs in *Miller* or *Surowka* does not provide a basis for ignoring the broader holding of those cases.

This Court's reading of *Miller* is directly supported by the Sixth Circuit's decision in *Schentur*. Although the Sixth Circuit's opinion in *Schentur* is unpublished and therefore not binding upon this Court, it confirms this Court's determination that *Miller* and *Surowka* require the exclusion of evidence extrinsic to § 7502 for purposes of evading the physical delivery rule. In *Schentur*, as here, the IRS did receive plaintiff-taxpayers' amended returns but did not retain the postmarked mailing envelopes. 1992 WL 95798 at *1. The *Schentur*

9

plaintiffs submitted affidavits as evidence that they timely filed their returns. The Sixth Circuit ignored the plaintiffs' extrinsic evidence, holding, "[P]laintiffs do not meet either [§ 7502] exception. The postmarks from the returns were destroyed and are not available as evidence. Moreover, plaintiffs did not use registered or certified mail to file their returns. Thus, without looking to the affidavits, the returns were filed as a matter of law when they were actually received by the IRS . . . ."[4]

The plaintiffs in *Miller* and *Surowka* failed under the first § 7502 exception because their tax returns were never received by the IRS. The plaintiffs in *Schentur* and the Stockers fail under the first exception because the envelopes containing their tax returns were lost or destroyed, and therefore no postmark is available as proof. All of these plaintiffs fail under the second § 7502 exception because they did not utilize registered or certified mail. And none of these plaintiffs are permitted to rely on evidence extrinsic to § 7502 for the purpose of evading the physical delivery rule.

The Court is sympathetic to Plaintiffs' case. It is the fault of the IRS that the postmarked envelope which contained Plaintiffs' amended return is not available. Defendant

---

[4] Plaintiffs argue that *Schentur* may not necessarily stand for the exclusion of extrinsic evidence, as it appears the District Court weighed the evidence provided by the plaintiffs in that case. However, regardless of whether the District Court in Schentur considered extrinsic evidence, it is clear that the Sixth Circuit panel did not. At oral argument before the panel, the government argued "that the affidavits produced by plaintiffs were insufficient to establish their claim because the only ways to establish delivery to the IRS are a postmark or a certified or registered mail receipt." *Shentur*, 1993 WL 330640 at *3. The Sixth Circuit agreed, and held as a matter of law that the physical delivery rule governed the case "without looking to the affidavits." *Id.* at *4. The fact that the Stockers' extrinsic evidence, if admissible, would likely be more convincing than that of the Schenturs is also immaterial.

argues that the IRS was under no obligation to preserve the envelope[5] and that the date stamp of Oct. 19 is an acceptable substitution for the lost postmark. The Court disagrees. In the Court's view, the date stamp touted by Defendants is just as extrinsic to § 7502 as the evidence presented by Plaintiffs. Unfortunately for Plaintiffs, it is they who carry the burden of proving the timely delivery of their return.

*Miller* and the parallel Second Circuit decision in *Deutsch v. Comm'r of Internal Revenue*, 599 F.2d 44 (2nd Cir. 1979), *cert. denied*, 444 U.S. 1015 (1979) have been criticized for allowing sloppiness on the part of the government, and several courts have taken a more permissive view of § 7502. *See, e.g., Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r*, 523 F.3d 140, 151 (3d Cir. 2008) ("The Second and Sixth Circuit Courts, contrary to what we decide today, have seemingly concluded that § 7502 preempts the common-law mailbox rule even where the taxpayer does not need § 7502's protection."); *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992) ("Neither the language of the statute nor Ninth Circuit precedent bars admission of extrinsic

---

[5] In contradiction to Defendant's claim, Plaintiffs point to the IRS's manual, which requires that employees "[a]lways attach envelopes and stamp receive date on . . . [a]ll returns specifically sorted as 'Amended' . . . returns." Reliance on a date stamp without an original postmark is less than desirable, as courts have noted that the IRS is not immune to human error. *Gless v. United States ex rel. IRS (In re Gless)*, 179 B.R. 646, 653 (Bankr. D. Neb. 1995) (refusing to assume that an IRS computer printout was accurate where the IRS failed to preserve the actual documents as required by the Internal Revenue Manual); *Harzvi v. United States*, 73-2 U.S. Tax Cas. (CCH) P9712, 1973 U.S. Dist. LEXIS 12117, at *5 (E.D.N.Y. Aug. 29, 1973) ("The IRS employees' faith in the perfection of their system is commendable, but the court is not persuaded that IRS index records are the only man-made records that are free from error.").

evidence to prove timely delivery."); *Estate of Wood v. Comm'r*, 909 F.2d 1155, 1159 (8th Cir. 1990) ("To the extent that the Sixth and Second Circuits in *Miller* and *Deutsch* hold that a presumption of delivery can never be used to satisfy the requirement of delivery in section 7502(a)(1), we disagree."); *Lee Brick & Tile Co., Inc. v. United States,* 132 F.R.D. 414, 419 (M.D.N.C. 1990) ("Importantly for this case, in the Fourth Circuit, the court specifically held that enactment of Section 7502 did not eliminate the prior judicially created common law presumption of delivery by proof of mailing."); *Sorrentino v. IRS*, 383 F.3d 1187, 1193 (10th Cir. 2004) ("I am not prepared, based upon § 7502's plain language, to hold a taxpayer may never prove delivery to the IRS of the "undelivered return" in the absence of a registered, certified, or electronic mail receipt.").

However, the fact remains that *Miller* and its progeny are binding upon this Court. *Carroll v. Comm'r*, 71 F.3d 1228, 1232 (6th Cir. 1995) ("A number of judges voted in favor of rehearing [of *Miller* and *Surowka*] (it may come as no surprise to the attentive reader that the author of the present opinion was among them), but the number was less than a majority."); *Schentur*, 1992 WL 95798 at *6 (Nelson, J., concurring) ("If I were free to do so, I would follow Anderson and Wood. Under § 10.2 of the Court Policies of this circuit, however, the Surowka and Miller decisions, both of which have been published in the Federal Reporter, are binding on this panel."); *In re Crump*, 282 B.R. 859, 863 (Bankr. N.D. Ohio 2002) ("This rule, although it has been criticized on the grounds that it allows sloppiness by the IRS, has on several occasions been reiterated by the Sixth Circuit Court of Appeals.").

## IV.

Under binding Sixth Circuit precedent, the statutory exceptions created by 26 U.S.C. § 7502 are the only alternatives to the physical delivery rule for establishing delivery of a federal tax return.  Plaintiffs cannot avail themselves of the § 7502 exceptions.  Therefore, Plaintiffs amended 2003 return is deemed delivered on October 25, 2007, the day it was actually received by the IRS.  Because Plaintiffs have failed to show that they timely filed their amended 2003 return pursuant to 26 U.S.C. §§ 7422 and 6511, this Court lacks jurisdiction to hear this case, and Defendant's cross motion to dismiss pursuant to Rule 12(b)(1) and (2) will be granted.  Plaintiffs motion for summary judgment will be denied as moot.  An order corresponding with this opinion will be entered.


Dated: June 20, 2011                         /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE